UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON E. MIZE #276339 | ) |
| | ) |
| v. | ) NO. 2:06-CV-259 |
| | ) |
| PAUL WILLIAMS, M.D. | ) |

## **MEMORANDUM and ORDER**

This *pro se* civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983 was filed by Jason E. Mize, an inmate in the Northeast Correctional Complex [NECC]. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid.[1]  28 U.S.C. § 1915(b)(2).

---

[1] Payments should be mailed to:  Clerk's Office, USDC
                                    220 West Depot Street, Ste. 200

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

1. Plaintiff's Allegations

In his complaint, plaintiff alleges that, in September of 2006, he began experiencing pain in his ear and swelling on his right jaw around his ear; that he signed up on the sick call list several times and was prescribed Ibuprofen and antibiotics; that an X-ray was ordered; and that, in October of 2006, when his condition did not improve, he was referred to defendant Dr. Paul Williams. In mid-October, plaintiff saw defendant Williams but, during the consultation, defendant interpreted plaintiff's comments (i.e., that Ibuprofen had done nothing for his pain and that he did not want it) as a refusal of treatment.[2] Defendant examined plaintiff, advised plaintiff that there was nothing wrong with his ears, and diagnosed him as having temporal mandibular joint disease [TMJ], which, defendant explained, could mimic the symptoms of an ear ache.

Plaintiff asked defendant what he was going to give him for the TMJ. Defendant responded that plaintiff had said that he did not want anything, presumably

---

Greeneville, TN 37743.

[2] Plaintiff also allegedly told defendant that he had Hepatitis C and expressed his opinion that Ibuprofen was not good for his liver. Defendant allegedly retorted: "[E]verything goes through your liver, what you don't want anything."

referring to plaintiff's statement about the Ibuprofen. Plaintiff deemed this response, coupled with defendant's other statements and responses, as evidence that defendant's attitude towards him was one of disrespect and hostility. Plaintiff became so angry that, upon his insistence, he was taken back to his cell to cool down. Apparently, as a result of this incident, defendant Williams now takes the position that plaintiff has refused medical treatment, when the truth is that plaintiff refused to accept defendant's alleged disrespectful and hostile behavior—not medical treatment. Plaintiff would have the Court order that he be treated with proper pain-killing medication for his TMJ, require that he be sent to a specialist in joint problems at TDOC's medical prison, and award him compensatory damages for his pain and suffering and punitive damages. The purpose of the punitive damages, according to plaintiff, is to use those damages to set an example to prison doctors to ensure that they treat prisoners with the same respect and kindness with which their free world counterparts treat their patients.

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff does not indicate that he was refused treatment for his ear and jaw problems—indeed, plaintiff was given Ibuprofen and antibiotics and had X-Rays taken . Essentially, his claim is that he was not treated with a more liver-friendly pain medication or referred to a specialist. But a disagreement between a prisoner and his doctor concerning treatment does not state a cognizable Eighth Amendment claim. *Estelle*, 429 U.S. at 107. By the same token, allegations that a medical condition has been negligently diagnosed or treated are not actionable under § 1983, and the mere fact that the victim happens to be a prisoner does not convert what, at best, is a medical malpractice claim into a constitutional violation. *Id.*, at 106. For this reason, plaintiff's assertions that he was denied suitable medications and a referral to a medical prison fail to state a viable claim entitling him to relief under § 1983. *See Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981) (finding that "[t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice").

3.  Conclusion

Because plaintiff's allegations do not entitle him to relief under § 1983, this action will be dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2); § 1915A.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE